IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| CHRISTIAN HOLLIDAY, SID #1268395, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 08-6027-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MAX WILLIAMS, GUY HALL, and | ) | |
| DR. GREG LYTLE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Christian Holliday
17349 Blueberry Road
Brookings, Oregon  97415

    Pro Se Plaintiff

Hardy Myers
Attorney General
Joseph G. Groshong
Assistant Attorney General

Page 1 - OPINION AND ORDER

Shawn M. O'Neil
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096

    Attorneys for Defendants

KING, Judge:

Plaintiff Christian Holliday, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against Max Williams, Guy Hall, and Dr. Greg Lytle, individuals employed by the Oregon Department of Corrections ("ODOC"), alleging that his rights were violated by the failure of the defendants to provide adequate medical care. Before the court is defendants' motion for summary judgment (#24).

## FACTS

The following facts are taken from defendants' Concise Statement of Material Facts ("CSMF"), as well as the affidavit of Dr. Steve Shelton, the Medical Director for ODOC. Plaintiff did not respond to defendants' Motion for Summary Judgment or to their CSMF.

On November 1, 2001, a federal civil rights lawsuit, Anstett v. State, CV-01-1619-BR (D. Or.), was filed on behalf of inmates in the custody of ODOC, challenging ODOC's Health Services guidelines for the care and treatment of inmates with Hepatitis C. During the course of the lawsuit, a panel of three medical experts was appointed to review the ODOC HCV guidelines and make recommendations to an appointed Special Master. This was accomplished and on August 4, 2006, the Honorable Anna J. Brown, United States District Judge, signed an order dismissing the lawsuit and adopting the August 2004 guidelines.

Page 2 - OPINION AND ORDER

Pursuant to the guidelines, seizure disorder, recent drug use, major depression, suicide attempts, and a history of prior medical non-compliance are contraindications for Hepatitis C treatment. Any one of these conditions, by itself, prohibits ODOC from providing Hepatitis C treatment.

Plaintiff was in ODOC custody between April 2006 and August 2007. Plaintiff has a history of Hepatitis C, mental illness, anger management problems, drug use, a suicide attempt and suicidal thoughts, and epilepsy. He was prescribed medication for his psychiatric condition while in ODOC custody, but stopped taking the medication. Repeated ODOC testing reflected that he had normal liver function.

Dr. Ramsey Cheung reviewed plaintiff's medical records and concluded that "Even if [plaintiff] was to be considered for anti-viral therapy, he would not be a treatment candidate due to multiple contraindications," which include seizure disorder, recent drug use, major depression, recent suicidal attempt, and a history of non-compliance with medications. Defs.' CSMF, Attach. at 27. He concluded that, "[T]he care [plaintiff] received at [ODOC] was consistent with the then existing standard of care specified in the Hepatitis C Evaluation, Testing, and Treatment Guidelines–2004." Id. Furthermore, as a result of plaintiff's recent drug use, depression, and non-compliance with medications, he "would be considered a suboptimal treatment candidate if not a poor treatment candidate" according to the community standard. Id. at 28.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material

fact.  Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party.  Robi v. Reed, 173 F.3d 736, 739 (9th Cir.), cert. denied, 528 U.S. 375 (1999).

## DISCUSSION

The treatment a prisoner receives in prison and the conditions of his confinement are subject to scrutiny under the Eighth Amendment.  Helling v. McKinney, 509 U.S. 25, 31, 113 S. Ct. 2475 (1993).  An Eighth Amendment claim must satisfy both an objective and subjective inquiry.  Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000).

The objective inquiry requires a showing that the inmate has been deprived of the minimal civilized measure of life's necessities.  In the context of a claim for failure to provide medical care, plaintiff must establish a "serious medical need."  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  A serious medical need is the kind of injury that "a reasonable doctor or patient would find important and worthy of comment or treatment; . . . that significantly affects an individual's daily activities; or [causes] chronic and substantial pain."  Lopez, 203 F.3d at 1131.

The subjective inquiry requires a showing that correctional officials acted with deliberate indifference to this serious medical need.  Id.  "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety . . . ."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  A difference of opinion as to the specific course of

treatment does not establish deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Defendants do not appear to dispute that plaintiff's condition constitutes a serious medical need. Instead, defendants submit uncontradicted evidence that they were prohibited by the 2004 guidelines formally adopted by Anstett v. State from providing the treatment plaintiff seeks. Furthermore, Dr. Ramsey Cheung has provided an unrebutted opinion that plaintiff properly would not have received treatment under either the ODOC guidelines or the general standard of care for treatment of persons with Hepatitis C.

Based on the foregoing, because plaintiff has not shown, and is unable to show, that defendants acted with deliberate indifference in denying him treatment for Hepatitis C, defendants are entitled to judgment as a matter of law.

## CONCLUSION

Defendants' Motion for Summary Judgment (#24) is granted. This case is dismissed.

IT IS SO ORDERED.

Dated this    4th    day of November, 2008.

        /s/ Garr M. King
        Garr M. King
        United States District Judge